IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KEVIN WAYNE MOORE, | § | |
| TDCJ-CID NO.1175857, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-04-2128 |
| | § | |
| DOUG DRETKE, Director of the Texas | § | |
| Department of Criminal Justice-Correctional | § | |
| Institutions Division, | § | |
| Respondent. | § | |

## OPINION ON DISMISSAL

Petitioner Kevin Wayne Moore, an inmate incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ-CID"), has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2003 conviction for theft in cause number 945117. (Docket Entry No.1). Respondent has filed a motion for summary judgment (Docket Entry No.21), to which petitioner has filed a response. (Docket Entry No.30). After considering all pleadings and the entire record, the Court will grant respondent's motion for summary judgment and deny petitioner federal habeas relief.

## BACKGROUND AND PROCEDURAL HISTORY

Petitioner alleges that on April 9, 2003, he was not present when City of Houston police officers caught some guys stealing boxes of meat off his company trailer. (Docket Entry 7). The officers released the suspects. (*Id.*). Petitioner claims although the district attorney denied a warrant for his arrest, some police officers falsified a police report and arrested petitioner before petitioner could report that his vehicle had been burglarized. (*Id.*). A grand jury indicted petitioner for felony

theft of 131 boxes of meat with a value of over $1500 and less than $20,000.  The indictment also contained two enhancement paragraphs of prior convictions.  (*Id.*, Exhibit F).

Petitioner claims he entered a plea of *nolo contendere* (Docket Entry No.1) to the charge, but state court records indicate that he entered a guilty plea to the offense, with an agreed recommendation of punishment.  (Docket Entry No.22, Part 2, page 28; *Ex parte Moore*, Application No. 56,882-01, page 28).  The 248th Judicial District Court of Harris County, Texas accepted his plea, found sufficient evidence to support the charge, and sentenced him to two years confinement in TDCJ-CID.  (*Id.* at 37).  (Docket Entry No.1).  Petitioner did not appeal his conviction.  (Docket Entry No.1).  Instead, he filed a state application for writ of habeas corpus, seeking relief on the following grounds:

1. His plea was involuntary because his attorney and the prosecutor unlawfully persuaded him to enter the plea and did not inform him of the nature of the charge and the consequences of the plea;

2. The prosecutor failed to disclose the police report to petitioner and mischaracterized evidence in the probable cause report;

3. The indictment was fatally defective; and,

4. The evidence was insufficient to support his conviction.

(*Id.*; Docket Entry No.22, Part 2 at 2-10; Docket Entry No7, attachment).  The Texas Court of Criminal Appeals denied the state habeas application without written order on September 19, 2003.  (Docket Entry No.22, Part 1, page 37; *Ex parte Moore*, Application No.56,882-01 at cover).

In the pending petition, petitioner seeks federal habeas relief on the same grounds that he alleged in his state habeas application.  He also challenges his conviction on the following grounds:

1. His conviction was obtained by the use of evidence obtained from an unlawful arrest; and,

2.      He was denied the effective assistance of counsel.

(Docket Entry No.7).

Respondent has filed a motion for summary judgment seeking dismissal of the petition on the grounds that the Court is procedurally barred from considering two unexhausted claims and petitioner has not met his burden of proof under 28 U.S.C. § 2254(d) that would entitle him to federal habeas relief.  (Docket Entry No.21).

ANALYSIS

Summary Judgment

To be entitled to summary judgment, the pleadings and summary judgment evidence must show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c).  The moving party bears the burden of initially pointing out to the court the basis of the motion and identifying the portions of the record demonstrating the absence of a genuine issue for trial.  *Duckett v. City of Cedar Park, Tex.*, 950 F.2d 272, 276 (5th Cir. 1992).  Thereafter, "the burden shifts to the nonmoving party to show with 'significant probative evidence' that there exists a genuine issue of material fact."  *Hamilton v. Seque Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (quoting *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994)).  The Court may grant summary judgment on any ground supported by the record, even if the ground is not raised by the movant.  *U.S. v. Houston Pipeline Co.*, 37 F.3d 224, 227 (5th Cir. 1994).

The Antiterrorism and Effective Death Penalty Act of 1996

Petitioner's federal habeas petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996).  *Lindh*

3

*v. Murphy*, 521 U.S. 320 (1997).  The AEDPA, codified as amended at 28 U.S.C. § 2254(d), "substantially restricts the scope of federal review of state criminal court proceedings." *Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000).  Specifically, the AEDPA has "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under the law." *Bell v. Cone*, 535 U.S. 685, 693 (2002).

The petitioner retains the burden to prove that he is entitled to habeas corpus relief. *Williams v. Taylor*, 529 U.S. 362 (2000).  In this case, petitioner presented claims in a state habeas application, which the Texas Court of Criminal Appeals denied without written order.  As a matter of law, a denial of relief by the Court of Criminal Appeals serves as a denial of relief on the merits of a claim. *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000) (citing *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997)).  Therefore, only those claims properly raised by petitioner in his state habeas application have been adjudicated on the merits by the state courts.

Where a petitioner's claim has been adjudicated on the merits, section 2254(d) hold that this Court shall not grant relief unless the state court's adjudication:

    (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

    (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1),(2); *Williams*, 529 U.S. at 411-13; *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000).  Courts are to review pure questions of law and mixed questions of law and fact under

subsection (d)(1), and pure questions of fact under subsection (d)(2).  *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001).

"The standard is one of objective reasonableness."  *Montoya*, 226 F.3d at 403-04 (quoting *Williams*, 529 U.S. at 412-13 (O'Connor, J., concurring)).  Under this standard, a federal court's review is restricted to the reasonableness of the state court's "ultimate decision, not every jot of its reasoning."  *Santellan v. Cockrell*, 271 F.3d 190, 193 (5th Cir. 2001) (citing *Cruz v. Miller*, 255 F.3d 77, 86 (2nd Cir. 2001) (noting that even where a state court makes a mistake in its analysis, "we are determining the reasonableness of the state court's 'decision,' . . . not grading their papers").

A decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts."  *Williams*, 529 U.S. at 413.  A decision is an unreasonable application of federal law "if the state court identifies the correct governing legal principle. . . but unreasonably applies that principle to the facts of he prisoner's case."  *Id.*  To be unreasonable, the state decision must be more than merely incorrect.  *Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001).  A reversal is not required unless "the state court decision applies the correct legal rule to a given set of facts in a manner that is so patently incorrect as to be 'unreasonable.'"  *Id.*  Factual findings made by the state court in deciding a petitioner's claims are presumed correct, unless the petitioner rebuts those findings with "clear and convincing evidence."  28 U.S.C. § 2254(e)(1); *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *abrogated on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).

While Rule 56 of the Federal Rules regarding summary judgment applies generally "with equal force in the context of habeas corpus cases,"  *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir.

2000), it applies only to the extent that it does not conflict with the habeas rules. *Smith*, 311 F.3d at 668 (citing Rule 11 of the Rules Governing Section 2254 Cases in District Courts). Therefore, section 2254 (e)(1), which mandates that findings of fact made by a state court are presumed correct, overrides the ordinary rule that, in a summary judgment proceeding, all disputed facts must be construed in the light most favorable to the non-moving party. *Id.* Unless the petitioner can "rebut[] the presumption of correctness by clear and convincing evidence" as to the state court's findings of fact, those findings must be accepted as correct. *Id.*

Courts construe pleadings filed by *pro se* litigants under a less stringent standard than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519 (1972); *Bledsue v. Johnson*, 188 F.3d 250, 255 (5th Cir. 1999). Thus, *pro se* pleadings are entitled to a liberal construction that includes all reasonable inferences that can be drawn from them. *Haines*, 404 U.S. at 521. Nevertheless, "the notice afforded by the Rules of Civil Procedure and the local rules" is considered "sufficient" to advise a *pro se* party of his burden in opposing a summary judgment motion. *Martin v. Harrison County Jail*, 975 F.2d 192, 193 (5th Cir. 1992).

<u>Procedurally Barred Claims</u>

Respondent moves for summary judgment on the ground that petitioner failed to exhaust claims that his conviction was obtained by use of evidence resulting from an unlawful arrest and he was denied the effective assistance of counsel when his attorney gave him misleading advice. (Docket Entry No.21). Respondent contends that the unexhausted claims are precluded from consideration by this Court because they are procedurally barred. (*Id.*). Petitioner acknowledges in his petition that he did not raise these issues in his state writ application. (Docket Entry No.7, page 8).

6

Under 28 U.S.C. § 2254, a petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief." *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995). The doctrine of exhaustion, codified as amended at 28 U.S.C. § 2254(b)(1) and (c), reflects a policy of federal/state comity. *Coleman v. Thompson*, 501 U.S. 722 (1991). Those statutes provide in pertinent part as follows:

> (b)(1)   An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
> (A)   the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i)   there is an absence of available State corrective process; or
>
> (ii)   circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> * * * *
>
> (c)   An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254 (b) – (c). Under this framework, exhaustion means that the petitioner must have presented all of his habeas corpus claims fairly to the state's highest court before he may bring them to federal court. *See Castille v. Peoples*, 489 U.S. 346 (1989); *Fisher v. State*, 169 F.3d 295, 302 (5th Cir. 1999). In Texas, exhaustion may take one of two paths: (1) the petitioner may file a direct appeal followed, if necessary, by a Petition for Discretionary Review in the Texas Court of Criminal Appeals, or (2) he may file a petition for writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure in the convicting court which, if denied, is automatically transmitted to the Texas Court of Criminal Appeals. *Myers v. Collins*, 919 F.2d 1074, 1076 (5th Cir. 1990). Because

7

petitioner did not raise these grounds in his state habeas application, he has presented unexhausted claims in this federal habeas petition.

Ordinarily, a federal habeas petition that contains unexhausted claims is dismissed, allowing the petitioner to return to the state forum to present his unexhausted claims. *Rose v. Lundy*, 455 U.S. 509 (1982). Respondent, however, contends such a result in this case would be futile because petitioner's unexhausted claims would be procedurally barred as an abuse of the writ under Texas law. (Docket Entry No.21).

On habeas review, a federal court may not consider a state inmate's claim if the state court based its rejection of that claim on an independent and adequate state ground. *Martin v. Maxey*, 98 F.3d 844, 847 (5th Cir. 1996). A procedural bar for federal habeas review also occurs if the court, to which a petitioner must present his claims to satisfy the exhaustion requirement, would now find the unexhausted claims procedurally barred. *Coleman,* 501 U.S. at 735 n.1.

Texas prohibits successive writs challenging the same conviction except in narrow circumstances. TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4(a) (Vernon Supp. 2003). The Texas Court of Criminal Appeals will not consider the merits or grant relief on a subsequent habeas application unless the application contains sufficient specific facts establishing the following:

> (1) the current claims and issues have not been and could not have been presented previously in an original application or in a previously considered application because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application; or

> (2) by a preponderance of the evidence, but for a violation of the United States Constitution no rational juror could have found the applicant guilty beyond a reasonable doubt.

*Id.* The Texas Court of Criminal Appeals applies its abuse of the writ doctrine regularly and strictly. *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir. 1995) (per curiam).

8

Neither petitioner's federal habeas petition nor his response to the motion for summary judgment contain specific facts to establish that these claims could not have been raised in his state habeas petition or that he is innocent.  Therefore, petitioner's unexhausted claims do not fit within the exceptions to the successive writ statute and would be procedurally defaulted in state court. *Coleman*, 501 U.S. at 735 n.1.  Such a bar precludes this Court from reviewing petitioner's claims absent a showing of cause for the default and actual prejudice attributable to the default. *Id.* at 750.

Petitioner has been given notice through respondent's motion for summary judgment that the Court would consider a dismissal of claims under the procedural default doctrine and has been given an opportunity to respond with any argument he may have opposing dismissal in a response to the motion for summary judgment. *See Magouirk v. Phillips*, 144 F.3d 348, 359 (5th Cir. 1998). Petitioner, however, fails to address the default, the cause of the default, or prejudice resulting from the default in his response to the motion for summary judgment.  (Docket Entry No.30). Accordingly, the Court will dismiss petitioner's claims that his conviction was obtained with evidence from an illegal arrest and he received ineffective assistance of counsel when his attorney gave him misleading advice as procedurally barred.

### Knowing and Voluntary Plea

Respondent also moves for summary judgment on petitioner's claim that his plea was involuntary.  (Docket Entry No.21).  Petitioner claims the prosecutor and his trial counsel worked together to persuade him to enter a plea agreement by telling him that he was charged under section 7.01 of the Texas Penal Code, criminal responsibility for the conduct of another.  He claims the attorneys told him that under this section, he could be sentenced to twenty-five years confinement if he did not enter the plea agreement.  (Docket Entry No.7).

9

A guilty plea will be upheld on habeas review if entered into knowingly, voluntarily, and intelligently. *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995). A plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel, must stand unless induced by threats, misrepresentation, or improper promises having no relationship to the prosecutor's business, such as bribes. *Brady v. United States*, 397 U.S. 742, 755 (1970). "The long standing test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)).

The record indicates that petitioner understood that he was charged with theft and that he understood the nature and consequences of his plea and the waiver of his constitutional rights. Before accepting the plea, petitioner signed a "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession." (Docket Entry No.22, Part 2, page 27; *Ex parte Moore*, Application No.56,882-01, page 27). He indicated on the form that he understood the allegations, confessed that they were true, and consented to oral and written stipulation of evidence. (*Id.* at 28). He agreed to enter a guilty plea upon the district attorney's recommendation of a two-year sentence. (*Id.*). Petitioner, his attorney, the district attorney, and the state district judge signed the form. (*Id.*). The state district judge indicated in signing the form that he admonished petitioner of the consequences of his plea and ascertained that petitioner entered it knowingly and voluntarily after discussing the case with his attorney. (*Id.*). Petitioner also signed "Plea Admonishments," and initialed an admonishment reflecting that he was charged with the offense of theft and that he understood the range of punishment if convicted. (*Id.* at 29-32). Petitioner, his attorney, and the

state district judge signed the form.  (*Id.* at 32).  Again, the state district judge entered a finding that

petitioner's plea was freely, knowingly, and voluntarily entered.  (*Id.*).

"Solemn declarations in open court carry a strong presumption of verity."  *Blackledge v.*

*Allison*, 431 U.S. 63, 74 (1977).  Petitioner presents no evidence to overcome the presumption that

his plea was entered voluntarily.  (Docket Entries No.7, No.30).

From this record, the Court concludes that the denial of petitioner's state habeas application

by the Texas Court of Criminal Appeals on this ground was not an unreasonable application of

clearly established federal law, as determined by the Supreme Court to the facts of the prisoner's case

nor an unreasonable determination of the facts in light of the evidence presented in the state court

proceeding.  Accordingly, respondent is entitled to summary judgment on this claim.

<u>Sufficiency of Evidence</u>

Petitioner claims the evidence was insufficient to support his conviction because the police

report, the district attorney's log, and the probable cause affidavit indicate that he was arrested at the

crime scene in the 9200 block of Rosehaven Street at Reed Road.  Plaintiff, however, claims that he

was arrested at a residence located on the 10,000 block of Sierra Drive in the sight of several

witnesses.  (Docket Entry No.7).

Under Texas law, a challenge to the sufficiency of the evidence can only be raised on direct

appeal, not in a state habeas corpus proceeding.  *See West v. Johnson*, 92 F.3d 1385, 1398 n.18 (5th

Cir. 1996); *Ex parte McLain*, 869 S.W.2d 349, 350 (Tex. Crim. App. 1994).  Such a claim is not

cognizable in a post-conviction, collateral attack.  *See West*, 92 F.3d at 1398 n. 18; *McLain*, 869

S.W.2d at 350.  A denial without written order of a state habeas claim challenging the sufficiency

of the evidence to support a conviction by the Texas Court of Criminal Appeals means the claim is

11

not cognizable on state habeas review. *Ex parte Grigsby*, 137 S.W.3d 673, 674 (Tex. Crim. App. 2004).        "Federal review of a claim . . . is procedurally barred if the last state court to consider the claim clearly based its denial of relief on procedural default. *Ylst v. Nunnemaker*, 501 U.S. 797, 802-04 (1991); *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). Failure to raise a sufficiency of the evidence claim on direct appeal constitutes a procedural default under state law. *See Renz v. Scott*, 28 F.3d 431, 432 (5th Cir. 1994).

"In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. "This doctrine ensures that federal courts give proper respect to state procedural rules." *Glover v. Cain*, 128 F.3d 900, 902 (5th Cir. 1997).

"The 'actually innocent' standard is the same as the 'fundamental miscarriage of justice' standard." *United States v. Sorrells*, 145 F.3d 744, 749 n. 3 (5th Cir. 1998). "[A]ctual innocence means factual innocence, not mere legal insufficiency." *United States v. Torres*, 163 F.3d 909, 912 (5th Cir. 1999). To establish actual innocence, "the petitioner must support his allegations with new, reliable evidence that was not presented at trial and show that it was 'more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (quoting *Schlup v. Delo*, 513 U.S. 298, 321 (1995)). "Examples of new, reliable evidence that may establish factual innocence include exculpatory scientific

evidence, credible declarations of guilt by another, trustworthy eyewitness accounts, and certain physical evidence." *Id.*

In this case, petitioner did not file a direct appeal and he makes no attempt to demonstrate cause or prejudice for the procedural default.  Furthermore, petitioner has not provided any new or reliable evidence giving rise to a finding of actual innocence.  Therefore, he is not entitled to have his otherwise barred constitutional claim considered on the merits on the "actual innocence" or "miscarriage of justice" exception.

Moreover, by entering a guilty plea, petitioner waived his right to demand any evidence to sustain his conviction.  *See United States v. Broce*, 488 U.S. 563, 569 (1989) (holding that "when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary").  A "failure of the Texas state court to require evidence of guilt corroborating a voluntary plea" raises "[n]o federal constitutional issue." *Smith v. McCotter*, 786 F.2d 697, 702 (5th Cir. 1986) (quoting *Baker v. Estelle*, 715 F.2d 1031, 1036 (5th Cir. 1983)).  The "mandate that sufficient evidence exist from which a rational fact finder could find guilt beyond a reasonable doubt is inapplicable to convictions based on a guilty plea." *Id*. at 702-03.  Accordingly, this claim is not proper for federal habeas review.

<u>Validity of Indictment</u>

Petitioner also claims that his indictment was fatally defective because it names four different cause numbers, including three in the enhancement paragraph, and because it shows him to be the primary actor in the commission of the offense when he was not present during the commission of the offense and had no knowledge of its commission.  (Docket Entry No.7).

13

Indictment by grand jury is not part of the due process of law guaranteed to state criminal defendants by the Fourteenth Amendment. *Hurtado v. California*, 110 U.S. 516 (1884). Moreover, "[t]he sufficiency of a state indictment is not a matter for federal habeas corpus relief unless it can be shown that the indictment is so defective that it deprives the state court of jurisdiction." *McKay v. Collins*, 12 F.3d 66, 68 (5th Cir.) (citing *Branch v. Estelle*, 631 F.2d 1229 (5th Cir.1980)), *reh'g granted in part sub nom*., *Williams v. Collins*, 12 F.3d 70 (5th Cir. 1994).

An indictment is fatally defective in the context of a § 2254 proceeding only if no circumstances could exist under which a valid conviction could result from facts provable under the indictment; state law provides the reference point for determining whether an indictment is sufficient. *Morlett v. Lynaugh*, 851 F.2d 1521, 1523 (5th Cir.1988). When the question of sufficiency of an indictment has been presented to the state's highest court of appeals, consideration of the question is foreclosed in federal habeas corpus proceedings. *McKay*, 12 F.3d at 68-69; *Alexander v. McCotter*, 775 F.2d 595, 599 (5th Cir.1985).

Petitioner presented his claim concerning the adequacy of the indictment to the Texas Court of Criminal Appeals in his state habeas application. (Docket Entry No.22, Part 2, page 9, *Ex parte Moore,* Application No. 56,882-01 at 9). The Court of Criminal Appeals denied the application without written order; thereby, rejecting his claim. By refusing to grant habeas relief, the Texas Court of Criminal Appeals necessarily, though not expressly, held that the trial court had jurisdiction and that petitioner's indictment was sufficient for that purpose. *See Alexander*, 775 F.2d at 599.

The state court's determination to deny petitioner relief on his claims is not contrary to clearly established federal law as determined by the United States Supreme Court. Accordingly, the Court will grant respondent's motion for summary judgment and dismiss petitioner's habeas claim.

14

<u>Disclosure of Evidence</u>

Finally, petitioner alleges that the prosecutor and his attorney mis-characterized the facts from those stated in the probable cause affidavit that was read to petitioner in court. (Docket Entry No.7). Petitioner claims he asked for a copy of the police report or probable cause affidavit but both attorneys refused or failed to give him a copy. (*Id.*).

The holding of *Brady v. Maryland*, 373 U.S. 83, 87 (1963) " requires a prosecutor to disclose exculpatory evidence for purposes of ensuring a fair trial, a concern that is absent when a defendant waives trial and pleads guilty." *Orman v. Cain*, 228 F.3d 616, 617 (5th Cir. 2000). Because the Supreme Court has not yet extended *Brady* to guilty pleas and therefore, has not extended it retroactively, the state habeas court's denial of petitioner's *Brady* claim is patently reasonable. *See id.* at 621. Accordingly, a prosecutor's failure to disclose potentially exculpatory information to a criminal defendant prior to entry of a guilty plea does not constitute a violation of *Brady* or the Due Process Clause. Petitioner's *Brady* objection is insufficient as a matter of law to warrant habeas relief.

<u>CERTIFICATE OF APPEALABILITY</u>

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional

claims debatable or wrong." *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). On the

other hand, when denial of relief is based on procedural grounds, the petitioner must not only show

that "jurists of reason would find it debatable whether the petition states a valid claim of the denial

of a constitutional right," but also that they "would find it debatable whether the district court was

correct in its procedural ruling." *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also*

*Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000). A district court may deny a certificate of

appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211

F.3d 895, 898 (5th Cir. 2000). The Court has determined that petitioner has not made a substantial

showing of the denial of a constitutional right. Therefore, a certificate of appealability from this

decision will not issue.

<u>CONCLUSION</u>

Finding no unreasonable application of clearly established federal law in the record of the

state habeas proceeding, the Court ORDERS the following:

1.     Respondent's motion for summary judgment (Docket Entry No.21) is
       GRANTED.

2.     Petitioner's claims against respondent are DISMISSED, with prejudice.

3.     A certificate of appealability is DENIED.

The Clerk will provide a copy to the parties.

Signed at Houston, Texas, on this 26th day of July, 2005.


MELINDA HARMON
UNITED STATES DISTRICT JUDGE

16